Delco L. **CORNETT**, Plaintiff–Appellant,

v.

Christopher **JAMISON**, Paul Vorbeck, Irma Santiago, Lee Linden, Robert Erdman, Wayne Kaifler, John Miller, John White, John Fryer, Jane Warren, John Donohue, John Doe, City of New York, Police Officer Daniel Miller, Richard Lowe, Jane Warren, Christopher White, Defendants–Appellees.

No. 07–4537–cv.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Delco L. Cornett, New York, NY, pro se.

Alan Beckoff, Corporation Counsel, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: ROGER J. MINER, RICHARD C. WESLEY, Circuit Judges, and TIMOTHY C. STANCEU,* Judge.

tuted for Michael B. Mukasey as Respondent.
* The Honorable Timothy C. Stanceu, of the United States Court of International Trade,

sitting by designation.

## SUMMARY ORDER

Appellant Delco L. Cornett appeals from the judgment of the Eastern District of New York (Trager, J.), granting summary judgment to the defendants and dismissing his 42 U.S.C. § 1983 and state law civil rights action. He claims on appeal that the district court erred in granting summary judgment to the defendants, that his state law claims were not precluded by the court's finding that the several defendants were entitled to qualified immunity, that several unspecified defendants defaulted by not answering his complaint, and that the district court prevented him from obtaining "any discovery." Appellees argue that the district court correctly granted the summary judgment motion. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

We review an order granting summary judgment *de novo*. Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir.2002).

Having conducted an independent and *de novo* review, we affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned orders. We have considered all of Appellant's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.